IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01075-PAB

ISMAEL RENDON LANDA,

     Petitioner,

v.

GEORGE VALDEZ,[1] Field Office Director of Enforcement and Removal Operations,
Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN,[2] Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
PAMELA BONDI, U.S. Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTASAR,[3] Warden of Denver Contract Facility,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Ismael Rendon Landa's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 7.[4]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted as a party in this action.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted as a party in this action.

[3] The proper spelling of this respondent's name appears to be Baltazar. *See, e.g., De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 16, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600 (D. Colo. Feb. 13, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163 (D. Colo. Jan. 26, 2026); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025).

[4] Respondents argue that the named non-individual respondents—U.S. Department of Homeland Security ("DHS") and the Executive Office for Immigration

## I.  BACKGROUND[5]

Petitioner is a citizen of Mexico.  Docket No. 1 at 4, ¶ 18.  Petitioner has resided in the United States since at least July 1, 2007.  *Id.* at 6, ¶ 28.  Petitioner was detained on January 18, 2026.  *Id.* at 4, ¶ 18.  He was issued a Notice to Appear on or about January 18, 2026, where DHS placed him in removal proceedings pursuant to 8 U.S.C. § 1229a.  *Id.* at 6, ¶ 26.  Petitioner is being detained at the Denver Contract Detention Facility.  *Id.* at 2, ¶ 2.

On March 16, 2026, petitioner filed a Petition for Writ of Habeas Corpus.  *See generally id.*  Petitioner brings a claim that respondents are detaining him in violation of 8 U.S.C. § 1226(a).  *Id.* at 5-6, ¶¶ 25-31.  Petitioner requests, among other things, that the Court require respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a).  *Id.* at 3, ¶ 8.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 6, ¶ 29; Docket No. 7 at 1-2.  Petitioner states that the Notice to Appear indicates that petitioner is being detained under 8 U.S.C. § 1226(a).  Docket No. 1 at 6, ¶ 29.  The Notice to Appear indicates that petitioner is "an alien present in the United States who has not been admitted or paroled."  Docket No. 1-1 at 1.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  Docket No. 1 at 3, ¶ 8.  Respondents, however,

---

Review—are not properly named in a habeas petition.  Docket No. 7 at 1 n.2.  The Court agrees and will grant the habeas petition against the individual respondents only.

[5] The following facts are taken from the habeas petition.  Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 7.

contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States without having been admitted."  Docket No. 7 at 2. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g., Sanchez v. Baltasar*, No. 26-cv-01036-PAB, 2026 WL 809548 (D. Colo. Mar. 24, 2026); *Cruz v. Noem*, No. 26-cv-00312-PAB-NRN, 2026 WL 766689, at *2 (D. Colo. Mar. 18, 2026); *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 7 at 3-4.  Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal."  *Id.* at 2.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL

3

2962908 (D. Colo. Oct. 17, 2025)). "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 3-4. Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit. *Id.* at 4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case. Docket No. 7 at 2. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Ismael Rendon Landa's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED March 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge