IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01075-PAB

ISMAEL RENDON LANDA,

Petitioner,

v.

NATHAN RASPER,[1] Acting Denver Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement, *et al.*,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner's Pro Se[2] Motion to Reopen [Docket No. 12]. Respondents filed a response. Docket No. 16.

## I. BACKGROUND

On March 16, 2026, petitioner filed a Petition for Writ of Habeas Corpus in this Court. Docket No. 1. Petitioner argued that his immigration custody violated 8 U.S.C. § 1226(a) because he had not been afforded an individualized bond hearing. *See generally id.* On March 27, 2026, the Court granted petitioner's petition and ordered respondents to provide petitioner with a bond hearing. Docket No. 8. On April 8, 2026, the parties submitted a joint status report indicating that petitioner received a bond

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nathan Rasper is automatically substituted as a party in this action.

[2] Petitioner was previously represented by an attorney, but he states that the representation "concluded with the prior habeas proceedings." Docket No. 12 at 2. Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

hearing on April 3, 2026, where the immigration judge denied bond. Docket No. 9. With its order adhered to, the Court issued a final judgment closing the case on April 14, 2026. Docket No. 11.

On October 13, 2026, petitioner filed the instant motion to reopen the case. *See generally* Docket No. 12. According to petitioner, he is "not asking th[e] Court . . . to substitute its judgment for the Immigration Judge's discretionary weighing of bond evidence." *Id.* at 1. Instead, petitioner emphasizes that the Form I-200 warrant associated with his arrest "does not establish by a time stamp or other contemporaneous proof that the warrant was issued before my arrest." *Id.* Accordingly, he asks the Court to "require Respondents to establish the chronology and statutory authority for the arrest." *Id.* Respondents "do not concede that the Motion is meritorious," but "are not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue." Docket No. 16 at 2.

While the motion does not identify the procedural mechanism for reopening the case, the Court construes petitioner's motion as one under Fed. R. Civ. P. 60(b)(6), which permits the Court to "relieve a party . . . from a final judgment" for "any . . . reason that justifies relief."

## II. LEGAL STANDARD

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Rule 60(b)(6) relief is even more difficult to attain" than other Rule 60(b) grounds. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice"

to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

## III. ANALYSIS

Petitioner has not identified “exceptional circumstances” necessary to justify Rule 60(b) relief. *Servants of the Paraclete*, 204 F.3d at 1009. Petitioner’s main argument boils down to the contention that additional grounds discoverable at the time of, but not identified in, petitioner’s petition would have entitled him to more robust relief. That explanation, however, is not exceptional. While petitioner cites to an order of this Court from September 9, 2026 (i.e., nearly five months after final judgment entered in his case), *see* Docket No. 12 at 1, 3 (citing *Singh v. Baltazar*, No. 26-cv-01791-PAB, 2026 WL 2654107 (D. Colo. Sept. 9, 2026)), that case is distinguishable. The petitioner in *Singh* made the argument that the Court ultimately ruled on in his petition as originally filed. That is not the case here.

Petitioner also “respectfully ask[s] the Court to examine whether [his] detention remains constitutionally and statutorily justified today” given that he has “now spent more than eight months in civil immigration detention.” Docket No. 12 at 3-4. Of course, petitioner could not make that argument in his original petition. Still, petitioner is essentially attempting to amend his petition to account for new developments after the petition was ruled upon. He cites no authority for the Court to be able to do so.

The Court also finds that it would not “offend[] justice,” *Cashner*, 98 F.3d at 580, to deny petitioner’s motion as other procedural mechanisms exist that could or could have granted petitioner the relief he seeks. First, petitioner could attempt to bring a successive habeas petition under 28 U.S.C. § 2241, which the Court would evaluate as to whether petitioner’s arguments could have been presented earlier and, if so, whether

failing to raise them amounted to an “abuse” of the writ. *See Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010); 28 U.S.C. § 2244(a). Second, his denial of bond was appealable to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.19(f) (authorizing such appeals); *see also* Docket No. 12 at 17 (immigration judge order indicating that petitioner’s appeal was due May 4, 2026).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that petitioner’s Pro Se Motion to Reopen [Docket No. 12] is **DENIED**.

DATED November 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge